The Honorable John H. Chun

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JAN 20 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JANISCH,<br><br>Defendant. | NO. CR24-216 JHC<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Charles Neil Floyd and Assistant United States Attorneys Joseph C. Silvio and Michelle Jensen of the Western District of Washington and Michael Janisch and Michael Janisch's attorneys Matthew Diggs and Emma C. Englund enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.     **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Indictment.

a.     Possession of a Controlled Substance with the Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), a lesser included offense of Count 1 of the Indictment.

b. Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a. Possession of a Controlled Substance with Intent to Distribute, a lesser included offense of Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C):

     i. First, the Defendant knowingly possessed a controlled substance; and

     ii. Second, the Defendant possessed the controlled substance with the intent to distribute it to another person.

b. Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i):

     i. First, on or about the date charged, within the Western District of Washington, Defendant committed a drug trafficking crime;

     ii. Second, Defendant knowingly possessed a firearm; and

     iii. Third, Defendant possessed the firearm in furtherance of the drug trafficking crime, specifically Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), a lesser included offense of Count 1.

Plea Agreement - 2
*United States v. Michael Janisch, CR24-216 JHC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. Possession of a Controlled Substance with Intent to Distribute, a lesser included offense of Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C): A maximum term of imprisonment of up to twenty years; a fine of up to $1,000,000; a period of supervision following release from prison of at least three years, and a mandatory special assessment of $100.

b. Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as charged in Count 2, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i): A maximum term of imprisonment of up to life with a mandatory minimum term of imprisonment of five years, which must be served consecutive to any other sentence imposed; a fine of up to $250,000; a period of supervision following release from prison of up to five years; and a mandatory special assessment of one hundred dollars ($100).

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Plea Agreement - 3
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if

Plea Agreement - 4
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

        d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

        e.     The right to confront and cross-examine witnesses against Defendant at trial;

        f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

        g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

        h.     The right to appeal a finding of guilt or any pretrial rulings.

    6.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 5
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits he is guilty of the charged offenses. The parties agree on the following facts:

a. Throughout 2022 and continuing into 2023, investigators in the Western District of Pennsylvania were investigating a drug trafficking organization with operations in Pennsylvania, Arizona, and Washington. One of the leaders of the Washington arm of the conspiracy was Bryce Hill ("HILL"). Intercepted communications from December 1, 2022, to January 11, 2023, over HILL's cell phone, revealed HILL was a prolific narcotics distributor in the Western District of Washington (WDWA). HILL was charged in the WDPA case and arrested in Seattle on January 11, 2023.

b. Following HILL's arrest, investigators obtained a warrant for HILL's cell phone. During a review of communications extracted from HILL's phone, investigators identified Snapchat communications between HILL ("bmoneydadon42") and JANISCH ("nbaseattle1").

Plea Agreement - 6
*United States v. Michael Janisch, CR24-216 JHC*

c. Among the communications between HILL and JANISCH, investigators identified an exchange that occurred on January 10, 2023, i.e., the day prior to HILL's arrest, in which HILL agreed to provide JANISCH with a Glock switch, i.e., a component that converts a semi-automatic pistol into a machinegun capable of fully automatic fire. Specifically, JANISCH asked HILL, "[a]ye you still go them switches in the jeep ya?" To which HILL replied, "[y]esiiiir." JANISCH then responded, "[y]uppp I be forgetting what all is in there lmaooo" and "[n]eed one of them thangs."

d. The above Snapchat conversation between HILL and JANISCH continued, and they began to discuss how much money they were making from narcotics sales. Specifically, JANISCH noted that HILL was, "finna be up a million by the time that shit hit," and "I just hit a quarter [million] like a month back, tryna hit half a m[illion] by the end of this year." Finally, JANISCH acknowledged the success of his and HILL's drug trafficking activities, commenting "[t]his the winning team fr [for real]."

e. Consistent with JANISCH's statements to HILL, a review of JANISCH's CashApp activity showed that beginning in 2020, and continuing until October 23, 2024, JANISCH received CashApp transfers of more than $360,000 in drug trafficking proceeds. Specifically, JANISCH received $64,576 across 115 transactions in 2020; $133,628 across 154 transactions in 2021; $46,183 across 128 transactions in 2022; $93,649 across 154 transactions in 2023; and $22,334 across 64 transactions in 2024.

f. On October 30, 2024, investigators executed a lawful search warrant at JANISCH's Mercer Island, Washington residence. During the search of JANISCH's residence, investigators discovered a large safe in JANISCH's bedroom. From that safe, investigators recovered, among other things:

i. 4.096 kilograms of cocaine;

ii. 668.7 grams of MDMA;

iii. 851.5 grams of ketamine;

iv.    64.44 grams of LSD;

v.    23 firearms, including one that was modified with a "switch,"

vi.    thousands of rounds of various calibers of ammunition;

vii.    three firearm suppressors;

viii.    multiple high-capacity magazines, including several drum magazines;

ix.    several bags of Glock "switches;" and

x.    $177,923 in bulk U.S. currency.

g.    Next to the bed in JANISCH's bedroom, where the safe was located, investigators found a loaded Mossberg 590 12-gauge shotgun and a loaded Springfield XDS .45 caliber pistol.

h.    Near the front door to the residence, investigators found a messenger bag belonging to JANISCH. Inside the messenger bag, investigators found a loaded Glock 26 9mm pistol.

i.    Another room in the house appeared to be an "office" used in part for packaging controlled substances for shipment. It contained a desk with a printer (to print postage), a vacuum-sealer and vacuum-seal bags, USPS mailers and other envelopes, and a digital scale. In a closet in this room, investigators also found—in vacuum-sealed bags—approximately 31.44 kilograms (gross weight) of psilocybin mushrooms and/or marijuana.

j.    Although the exact amount of drugs that JANISCH possessed with intent to distribute, distributed, and/or conspired to distribute, is unknown, pursuant to USSG §§ 1B1.3(a), 2D1.1(a)(5) and (c)(5), the parties agree that it was at least 1,000 kilograms, but less than 3,000 kilograms of converted drug weight.

k.    JANISCH admits that the controlled substances located inside his residence were possessed by him for the purpose of distribution. JANISCH also admits that he knowingly possessed all the firearms, magazines, and ammunition seized from his

Plea Agreement - 8
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

home, more fully identified in paragraph 13, and that these firearms, magazines, and ammunition facilitated the offense of Possession of a Controlled Substance with Intent to Distribute.

l. JANISCH further admits that he possessed the Mossberg 590 12-gauge shotgun in furtherance of the lesser-included offense charged in Count 1, Possession of a Controlled Substance with Intent to Distribute. Specifically, JANISCH admits he possessed the 590 12-gauge shotgun in order to protect himself and his significant other, his drugs, and his drug proceeds.

m. In addition to the items identified above, investigators also located collectible currency, coins, jewelry, gemstones, and precious metals in the large safe in JANISCH's bedroom, as well as in other locations throughout the residence. JANISCH admits that these items—except the items specifically enumerated in subparagraphs (1) and (2) below—were proceeds, or purchased with proceeds, of his drug trafficking and he consents to administrative forfeiture of those items.

(1) JANISCH has identified one gold chain that he purchased with unrelated funds, which the United States has agreed is not forfeitable and will not be forfeited.

(2) JANISCH has also identified two rings, two gold coins, and approximately 1,086 other coins that he claims he inherited from his grandparents, and therefore, he asserts that these items were not proceeds of his drug trafficking. These items will not be administratively or judicially forfeited and will be returned to JANISCH.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 9
*United States v. Michael Janisch, CR24-216 JHC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

*Count 1*

a. A base offense level of 30 pursuant to USSG §§ 2D1.1(a)(5) and (c)(5) because the relevant conduct involved at least 1,000 kilograms but less than 3,000 kilograms of Converted Drug Weight;

*Count 2*

b. Pursuant to USSG § 2K2.4 the guideline term of imprisonment for a violation of Title 18, United States Code, Section 924(c) is the minimum term of imprisonment required by statute. As such, the guideline term of imprisonment is 60 months; and

c. A three-level decrease under USSG § 3E1.1(b) if Defendant clearly demonstrates acceptance of responsibility for his offense, as further explained in Paragraph 10.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 10
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11.   **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is no greater than the low end of the applicable Guidelines range as calculated by the Court. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court, and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12.   **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of the offense of *Possession of a Controlled Substance with the Intent to Distribute*, a lesser included offense of that charged in Count 1 of the Indictment, as well as any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of the offense. All such property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a).

Defendant further agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms and ammunition involved in his commission of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, as charged in Count 2. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the

Plea Agreement - 11
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Except for the items identified in paragraphs 8(m)(1) and 8(m)(2), Defendant agrees not to file a claim to, or otherwise seek return of, any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist anyone else who may file a claim to any of the property seized from his residence on October 30, 2024—including the items identified in paragraphs 8(m)(1) and 8(m)(2)—in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used to facilitate, *Possession of a Controlled Substance with Intent to Distribute*, a lesser included offense of that charged in Count 1 of the Indictment, or constitute firearms or ammunition involved in *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, the offense charged in Count 2.

13. **Abandonment.** Defendant also agrees that, if any federal law enforcement agency seized any firearms, magazines, ammunition, proceeds of drug trafficking, or illegal contraband that was in Defendant's direct or indirect control, Defendant abandons all right and interest in that property and consents to the federal administrative disposition, official use, and/or destruction of that property.

Defendant specifically abandons all interest in and consents to the federal administrative disposition, official use, and/or destruction of, the following firearms, magazines, and ammunition seized from Defendant's residence on or about October 30, 2024:

a.     a Springfield XDS .45 caliber pistol, bearing serial number S3231736, magazine, and associated ammunition;

b.     a Taurus Judge .410 revolver pistol, bearing serial number AEB118060, and associated ammunition;

c.     a Rock Island M1911A .380 caliber pistol, bearing serial number RIA1930834, magazine, and associated ammunition;

d.     a FN 509 9mm caliber pistol, bearing serial number GKS0147626, magazine, and associated ammunition;

e.     a FN 509 9mm caliber pistol, bearing serial number GKS0340423, magazine, and associated ammunition;

f.     an IWI Uzi Pro 9mm caliber pistol, bearing serial number U1002453, magazine, and associated ammunition;

g.     a Masterpiece Arms Defender 9mm caliber pistol, bearing serial number FX14525, magazine, and associated ammunition;

h.     a Glock 19 Gen5 9mm pistol, bearing serial number BTPH826, magazine, and associated ammunition;

i.     a Taurus G2C .40 caliber pistol, bearing serial number AE6154491, magazine, and associated ammunition;

j.     a Glock 43X 9mm caliber pistol, bearing serial number BMDK976, magazine, and associated ammunition;

k.     a Bearman BBG38 .38 caliber pistol, bearing serial number BTO37693, and associated ammunition;

l.     a Glock 17 9mm caliber pistol, bearing serial number BGTC680, magazine, and associated ammunition;

m.     an Israeli Military Industries Desert Eagle .41/.44 magnum caliber pistol, bearing serial number 97904, magazine, and associated ammunition;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

n.    a Glock 26 9mm caliber pistol, bearing serial number AFSF043, magazine, and associated ammunition;

o.    a Glock 21 .45 caliber pistol, with switch, bearing serial number BXDX295, magazine, and associated ammunition;

p.    a Sig Sauer SP2022 .40 caliber pistol, bearing serial number 24B274279, magazine, and associated ammunition;

q.    a white 3D-printed 9mm pistol, with no serial number, magazine, and associated ammunition;

r.    a Colt .38 caliber revolver, with no serial number, and associated ammunition;

s.    a Mossberg 590 12-gauge shotgun, bearing serial number V1314544, and associated ammunition;

t.    a Smith & Wesson M&P15-22 .22 caliber rifle, bearing serial number WAK0195, magazine, and associated ammunition;

u.    a Remington 870 12-gauge shotgun, bearing serial number RF64304A, magazine, and associated ammunition;

v.    a Zastava PAP M85 NP 5.56 caliber pistol, bearing serial number NP005019, magazine, and associated ammunition;

w.    a Spikes Tactical AR .223/5.56 caliber rifle, bearing serial number VK003115, magazine, and associated ammunition;

x.    an Anderson Manufacturing AM-15 .223/5.56 caliber rifle, bearing serial number 16177134, magazine, and associated ammunition;

y.    an Anderson Manufacturing AM-15 .223/5.56 caliber rifle, bearing serial number 19164021, magazine, and associated ammunition;

z.    an American Tactical .223/5.56 caliber rifle, bearing serial number N5272060, magazine, and associated ammunition;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

aa. a Smith & Wesson M&P15 5.56 caliber rifle, bearing serial number TK05794, magazine, and associated ammunition;

bb. a Windham Weaponry WW-CF .223/5.56 caliber rifle, bearing serial number CF038795, magazine, and associated ammunition;

cc. an Escort 12-gauge shotgun, bearing serial number 264393, and associated ammunition;

dd. a Pioneer Arms AK-style 7.62 caliber pistol, bearing serial number PAC1112515, magazine, and associated ammunition;

ee. a 3D-printed pistol/rifle receiver;

ff. a Micro Conversion Kit firearm casing;

gg. approximately 126 rounds of .45 caliber ammunition;

hh. approximately 306 rounds of 12-gauge ammunition;

ii. approximately 312 rounds of .380 caliber ammunition;

jj. approximately 1,561 rounds of 9mm caliber ammunition;

kk. approximately 41 rounds of .38 Special caliber ammunition;

ll. approximately 10 rounds of 410-gauge ammunition;

mm. approximately 27 rounds of .44 Magnum caliber ammunition;

nn. approximately 604 rounds of .223 caliber ammunition;

oo. approximately 1,992 rounds of 7.62 x 39mm caliber ammunition;

pp. approximately 193 rounds of .40 caliber ammunition;

qq. approximately 80 rounds of 10mm caliber ammunition;

rr. approximately 826 rounds of .22 Long Rifle caliber ammunition;

ss. approximately 160 rounds of .300 AAC caliber ammunition;

tt. approximately 21 rounds of .25 ACP caliber ammunition;

uu. approximately 5 Glock "switches";

vv. approximately 3 silencer/suppressors;

ww. approximately 9 30-round 7.62 x 39 caliber magazines;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

xx. approximately 4 40-round 5.56 caliber magazines;

yy. approximately 12 30-round 5.56 caliber magazines;

zz. approximately 1 55-round FN 5.7 caliber drum magazine;

aaa. approximately 3 10mm caliber magazines;

bbb. approximately 6 9mm caliber magazines;

ccc. approximately 1 5.56 caliber double drum magazine;

ddd. approximately 1 metal drum magazine;

eee. approximately 1 5.56 drum magazine;

fff. approximately 1 Palmetto State Armory magazine;

ggg. approximately 1 drum pistol magazine;

hhh. approximately 1 5.56 caliber extended magazine;

iii. approximately 1 12-gauge magazine;

jjj. approximately 4 FN pistol magazines;

kkk. approximately 2 .40 caliber magazines;

lll. approximately 3 10mm caliber magazines

mmm. approximately 2 .45 caliber magazines;

nnn. approximately 1 extended .45 caliber magazine;

ooo. approximately 1 .22 Long Rifle caliber magazine;

ppp. approximately 1 31-round extended 9mm caliber magazine;

qqq. approximately 1 Tapco extended 9mm caliber magazine; and

rrr. approximately 1 .380 caliber magazine.

(3) Defendant also specifically abandons all interest in, and consents to the administrative forfeiture and disposition of, the collectible currency, coins, jewelry, gemstones, and precious metals seized from his residence on or about October 30, 2024 that are identified in paragraph 8(m), other than the chain identified in paragraph 8(m)(1) and the items he claims he inherited from his grandparents which are identified in paragraph 8(m)(2).

Plea Agreement - 16
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14.     **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining count in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15.     **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited

Plea Agreement - 17
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the

Plea Agreement - 18
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 20th day of January, 2026.

_____
MICHAEL JANISCH
Defendant

_____
MATTHEW DIGGS
EMMA C. ENGLUND
Attorneys for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
JOSEPH C. SILVIO
MICHELLE JENSEN
Assistant United States Attorneys

Plea Agreement - 20
*United States v. Michael Janisch*, CR24-216 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970